### THOMAS ADAMS. & CO., Limited, *v.* MAYER *et al.*

(*Superior Court of New York City, General Term.* April 15, 1889.)

SALE—ACTION FOR PRICE—PLEADING AND PROOF.

Plaintiff shipped goods to defendants at New York, who entered them at the custom-house, warehoused them, and retained them in their possession for three years. After the goods reached New York, defendants wrote that "we regret that we cannot use the goods. We will accept the goods at a price" named, which was less than the agreed price. In an action for the price, plaintiff alleged the sale and delivery, and that delivery was to be by consignment to defendants at New York, which allegation was admitted, but also alleged that the contract provided that the goods were to be shipped as soon and in as large quantities as plaintiff reasonably could. *Held*, that the latter allegation was immaterial; that if defendants intended to rely on the contract it was their duty to refuse to receive the goods, and to notify plaintiff, and the letter was not such a refusal; and that therefore plaintiff was not required to show shipment in as large quantities as he reasonably could.

Appeal from jury term.

Action by Thomas Adams & Co., Limited, against Saly I. Mayer and others. The complaint alleged that in or about the month of January, 1883, defendants agreed to buy and take from the plaintiff certain goods described at a certain price named, and plaintiff then agreed to sell to defendants the said goods at and for the said price, and to deliver the goods to defendants by shipping the same from England, consigned to defendants in New York, as soon and in as large quantities as plaintiff reasonably could; that it was then further agreed that plaintiff should not be bound to make such shipments within any specific time, or in any specific amounts, and that the defendants should pay for such goods *pro rata* on the arrival of such shipments respectively; that in March and May, 1883, plaintiff made two shipments, which defendants received and accepted; that in July plaintiff delivered to defendants a certain quantity of the goods by shipping the same from England, consigned to defendants in New York; that said shipment was made as soon and of as large a quantity of said goods as plaintiff reasonably could, and that plaintiff had in all respects duly performed the agreement; that thereafter said last-mentioned shipment arrived in New York, and became subject to the order and disposition of defendants; that the amount due and payable to plaintiff from defendants in respect of said last-mentioned shipment was a certain amount, and defendants are justly indebted to plaintiff in that sum. Another count alleged for a second cause of action that in pursuance of the agreement plaintiff manufactured a certain quantity of the goods in addition to those delivered, and was ready and willing to deliver the same, and had per-

formed the agreement on its part, but defendants refused to receive or pay for the same, to plaintiff's damage, etc. The complaint was dismissed at the trial, and plaintiff appeals.

Argued before SEDGWICK, C. J., and TRUAX, J.

*McFarland, Boardman & Platt,* for appellant. *David Leventritt,* for respondents.

TRUAX, J. The material allegation of the complaint is that the plaintiff sold and delivered to the defendants certain goods. It is true that the plaintiff set up in the complaint the terms of the contract under which the goods were sold and delivered, and alleged that the said contract provided that the said goods were to be shipped by the plaintiff to the defendants "as soon and in as large quantities as the plaintiff reasonably could;" but in view of the allegation that the goods were delivered to the defendants this allegation becomes immaterial. It was shown on the trial that the goods were shipped from Liverpool, consigned to the defendants at New York. The defendants went to the custom-house with the bill of lading and invoice, and the goods were entered by the defendants, warehoused by them, and remained in their possession and out of the possession of the plaintiff for about three years. After the goods had reached the port of New York the defendants wrote to the plaintiff, in substance, as follows: "We regret that we cannot use the goods. We will accept the goods at a price" less than the price mentioned in the contract between the parties. It was the duty of the defendants, if they intended to rely upon the terms of the contract, to refuse to receive the goods, and to notify the plaintiff of that fact. Saying to the plaintiff: "We regret that we cannot use the goods. We will accept the goods at a price" less than the price named in the contract,—is not a refusal to accept the goods. It is also to be noticed that it was alleged in the complaint that the goods were to be delivered by consigning the same to the defendants in New York, and this allegation was admitted by the defendants. The complaint was dismissed at the trial upon the ground that the plaintiff must show as a condition precedent that the goods were shipped to New York in as large quantities as plaintiff reasonably could, and that because of the failure to show this fact the plaintiff had failed to prove his case. We are of the opinion that this was error. This view of the case renders it unnecessary to discuss the question presented by the ruling of the court in striking out the deposition of the witness Mellers. The judgment appealed from is reversed, and a new trial is ordered, with costs to the appellant, to abide the event.